IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KENNETH K., | )<br>) No. 23 C 003<br>) |
| Plaintiff, | )<br>) Magistrate Judge M. David Weisman |
| v. | )<br>) |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | )<br>)<br>) |
| Defendant. | ) |

### MEMORANDUM OPINION AND ORDER

Kenneth K. appeals the Acting Commissioner's decision denying his application for Social Security benefits. For the reasons set forth below, the Court affirms the Acting Commissioner's decision.

### Background

On December 3, 2019, plaintiff filed an application for benefits, which was denied initially, on reconsideration, and after a hearing. (R. 24-35, 42-92.) The Appeals Council declined review (R. 1-4), leaving the ALJ's decision as the final decision of the Acting Commissioner reviewable by this Court pursuant to 42 U.S.C. § 405(g). *See Villano v. Astrue*, 556 F.3d 558, 561-62 (7th Cir. 2009).

### Discussion

The Court reviews the ALJ's decision deferentially, affirming if it is supported by "[s]ubstantial evidence," *i.e.*, "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "[W]hatever the meaning of 'substantial' in

other contexts, the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The regulations prescribe a five-part sequential test for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520(a), 416.920. The Commissioner must consider whether: (1) the claimant has performed any substantial gainful activity during the period for which he claims disability; (2) the claimant has a severe impairment or combination of impairments; (3) the claimant's impairment meets or equals any listed impairment; (4) the claimant retains the residual functional capacity ("RFC") to perform his past relevant work; and (5) the claimant is able to perform any other work existing in significant numbers in the national economy. *Id.*; *see Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001).

At step one, the ALJ found that plaintiff has not engaged in substantial gainful activity since the application date. (R. 26.) At step two, the ALJ found that plaintiff has the severe impairment of brain meningiomas. (R. 27.) At step three, the ALJ found that plaintiff does not have an impairment or combination of impairments that meets or medically equals a listed impairment. (R. 29.) At step four, the ALJ found that plaintiff is unable to perform any past relevant work but has the RFC to perform medium work with certain exceptions. (R. 30, 33.) At step five, the ALJ found that jobs exist in significant numbers in the national economy that plaintiff can perform, and thus he is not disabled. (R. 34-35.)

The ALJ found that plaintiff has mild limitations in the mental functions of interacting with others and maintaining concentration, persistence, or pace. (R. 28.) But she did not include any mental limitations in the RFC or explicitly say why she failed to do so (*see* R. 30-33), which plaintiff contends is error. The Court disagrees. First, the Seventh Circuit has held that there is no error in an RFC assessment when, as here, "there is 'no doctor's opinion contained in the record [that] indicate[s] greater limitations than those found by the ALJ.'" *Best v. Berryhill*, 730 F. App'x 380, 382 (7th Cir. 2018) (quoting *Rice v. Barnhart*, 384 F.3d 363, 370 (7th Cir. 2004)). Second, the ALJ acknowledged plaintiff's allegations that he could not work because he has problems remembering and thinking clearly, but she said his medical records did not evidence any significant psychiatric treatment or otherwise bear those allegations out. (R. 28, 30-31 (citing R. 430 (12/6/18 treatment note stating that plaintiff was cooperative and had appropriate mood and affect); R. 716 (8/21/19 treatment note stating that plaintiff's behavior, thought content, and judgment were normal); R. 719, 723-24, 727, 730, 836 (12/15/21, 10/22/19, 6/21/19, 4/16/19 and 3/25/19 treatment notes stating that plaintiff had no symptoms of depression or anxiety)).) Thus, here, as in *Rick M. v. Saul*:

> The ALJ could have been more explicit about why [s]he omitted mental limits from [the] RFC. But the ALJ offered specific reasons—contrary evidence—that explain why plaintiff's medical record did not support incorporating any mental limitations into the RFC. That was enough to build the necessary "accurate and logical bridge" between the minimal evidence of mental impairment in this case and the conclusion that [the] RFC does not include mental limitations. . . .

No. 20 CV 4369, 2021 WL 2588762, at *5 (N.D. Ill. June 24, 2021). Finally, even if the ALJ's RFC assessment is flawed, any error is harmless because plaintiff did not identify any work restrictions that would address his alleged mental limitations. *See Jozefyk v. Berryhill*, 923 F.3d 492, 498 (7th Cir. 2019) (holding that any error in RFC was harmless because plaintiff did not identify work restrictions that might address his limitations in

3

concentration, persistence, or pace). In short, the RFC fashioned by the ALJ is not a basis for a remand.

## Conclusion

For the reasons set forth above, the Court affirms the Acting Commissioner's decision, grants the Acting Commissioner's motion for summary judgment [17], denies plaintiff's motion for summary judgment [11 & 19], and terminates this case.

**SO ORDERED.**  **ENTERED: July 11, 2023**

**M. David Weisman**
**United States Magistrate Judge**